UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHERYL GREENE, PERSONAL
REPRESENTATIVE OF THE ESTATE
OF DWAYNE GREENE, DECEASED,

        Plaintiff,         Case No. 2:18-cv-11008-MAG-DRG

                             HON. THOMAS L. LUDINGTON

v.

CRAWFORD COUNTY, DAWN
WAKEFIELD, PERSONAL
REPRESENTATIVE OF THE ESTATE OF
SHERIFF KIRK WAKEFIELD,
DECEASED, RANDELL BAERLOCHER,
RENEE CHRISTMAN, KATIE TESSNER,
DONALD STEFFES, WILLIAM SBONEK,
TIMOTHY STEPHAN, JOEL AVALOS,
DALE SUITER, AMY JOHNSON, DAVID
NIELSON, LARRY FOSTER, SHON
CHMIELEWSKI, NORTHERN LAKES
COMMUNITY MENTAL HEALTH
AUTHORITY, NANCI KARCZEWSKI
AND STACEY KAMINSKI, LPC,
Individually and Officially and Jointly and
Severally,

        Defendants.

_____/

GEOFFREY N. FIEGER (P30441)
KEVIN C. RIDDLE (P57435)
Fieger, Fieger, Kenney & Harrington,
 P.C.
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, Michigan 48075-2463
(248) 355-5555
(248) 355-5148 (Fax)
k.riddle@fiegerlaw.com

G. GUS MORRIS (P32960)
CHRISTOPHER J. RAITI (P68600)
McGraw Morris, P.C.
Attorneys for Defs. Crawford Co.,
Wakefield, Baerlocher, Christman,
Tessner, Steffes, Sbonek, Stephan,
Avalos, Suiter, Johnson, Neilson,
Foster and Chmielewski
2075 W. Big Beaver Road, Ste. 750
Troy, Michigan 48084
(248) 502-4000
(248) 502-4001 (Fax)
gmorris@mcgrawmorris.com
craiti@mcgrawmorris.com

HAIDER A. KAZIM (P66146)
Cummings, McClorey, Davis
 & Acho, PLC
Attorney for Defs. Northern Lakes,
Nancy Karczewski, and Stacey
Kaminski, LPC
310 W. Front Street, Ste. 221
Traverse City, Michigan 49684-
2279
(231) 922-1888
(231) 922-9888 (Fax)
hkazim@cmda-law.com

**PLAINTIFF'S MOTION FOR FED. R. CIV. P. 54(b) CERTIFICATION**

NOW COMES Plaintiff Cheryl Greene, personal representative of the Estate of Dwayne Greene, by and through her attorneys, Fieger, Fieger Kenney & Harrington, P.C., and asks this Court to GRANT her motion for certificate of appealability pursuant to Fed. R. Civ. P. 54(b). As explained in detail in the attached brief in support, this case presents an extraordinary circumstance where Rule 54(b) certification would be in the interest of justice and judicial economy.

WHEREFORE, Plaintiff Cheryl Greene, personal representative of the Estate of Dwayne Greene, respectfully requests that this Honorable Court GRANT this motion and certify as final and immediately appealable the Court's June 25, 2020 Opinion and Order Granting in Part and Denying in Part Defendants Crawford County's Motion for Summary Judgment, Granting Defendants NLCMHA's Motion for Summary Judgment. (ECF No. 117). A proposed Order Lifting Stay has been submitted.

                                            Respectfully Submitted,

                                            FIEGER, FIEGER, KENNEY
                                            & HARRINGTON, P.C.

Date: July 31, 2020                 /s/Kevin C. Riddle
                                       By: Geoffrey N. Fieger (P30441)
                                          Kevin C. Riddle (P57435)
                                          Fieger, Fieger Kenney & Harrington, P.C.
                                          19390 W. Ten Mile Road
                                          Southfield, MI 48075
                                          (248) 355-5555

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHERYL GREENE, PERSONAL
REPRESENTATIVE OF THE ESTATE
OF DWAYNE GREENE, DECEASED,

        Plaintiff,         Case No. 2:18-cv-11008-MAG-DRG

                              HON. THOMAS L. LUDINGTON

v.

CRAWFORD COUNTY, DAWN
WAKEFIELD, PERSONAL
REPRESENTATIVE OF THE ESTATE OF
SHERIFF KIRK WAKEFIELD,
DECEASED, RANDELL BAERLOCHER,
RENEE CHRISTMAN, KATIE TESSNER,
DONALD STEFFES, WILLIAM SBONEK,
TIMOTHY STEPHAN, JOEL AVALOS,
DALE SUITER, AMY JOHNSON, DAVID
NIELSON, LARRY FOSTER, SHON
CHMIELEWSKI, NORTHERN LAKES
COMMUNITY MENTAL HEALTH
AUTHORITY, NANCI KARCZEWSKI
AND STACEY KAMINSKI, LPC,
Individually and Officially and Jointly and
Severally,

        Defendants.

i

| | |
|---|---|
| GEOFFREY N. FIEGER (P30441)<br>KEVIN C. RIDDLE (P57435)<br>Fieger, Fieger, Kenney & Harrington, P.C.<br>Attorneys for Plaintiff<br>19390 West Ten Mile Road<br>Southfield, Michigan 48075-2463<br>(248) 355-5555<br>(248) 355-5148 (Fax)<br>k.riddle@fiegerlaw.com | G. GUS MORRIS (P32960)<br>CHRISTOPHER J. RAITI (P68600)<br>McGraw Morris, P.C.<br>Attorneys for Defs. Crawford Co., Wakefield, Baerlocher, Christman, Tessner, Steffes, Sbonek, Stephan, Avalos, Suiter, Johnson, Neilson, Foster and Chmielewski<br>2075 W. Big Beaver Road, Ste. 750<br>Troy, Michigan 48084<br>(248) 502-4000<br>(248) 502-4001 (Fax)<br>gmorris@mcgrawmorris.com<br>craiti@mcgrawmorris.com<br><br>HAIDER A. KAZIM (P66146)<br>Cummings, McClorey, Davis & Acho, PLC<br>Attorney for Defs. Northern Lakes, Nancy Karczewski, and Stacey Kaminski, LPC<br>310 W. Front Street, Ste. 221<br>Traverse City, Michigan 49684-2279<br>(231) 922-1888<br>(231) 922-9888 (Fax)<br>hkazim@cmda-law.com |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR FED. R. CIV. P. 54(b) CERTIFICATION**

## STATEMENT OF ISSUE PRESENTED

I.    Should this Court, pursuant to Fed. R. Civ. P. 54(b) certify as final and immediately appealable the Court's June 25, 2020 Opinion and Order dismissing Defendants NLCMHA, Karczewski, and Kaminski; and Crawford County Defendants Foster, Suiter, Steffes, Sbonek, Avalos, Nielson, and Chmielewski (ECF No. 117)?

    Plaintiff says:    Yes
    Defendants say:    No

## MOST CONTROLLING AUTHORITIES

- Fed. R. Civ. P. 54(b)

- *Curtiss-Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 7 (1980)

- *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1027, 1030 (6th Cir. 1994)

- *Marcilis v. Redford Twp.*, No. 09-11624, 2011 WL 284466, at *3 (E.D. Mich. Jan. 25, 2011)

**This Court should grant plaintiff's motion and certify as final and immediately appealable its June 25, 2020 Opinion and Order (ECF No. 117) Dismissing Defendants NLCMHA, Karczewski, and Kaminski; and Crawford County Defendants Foster, Suiter, Steffes, Sbonek, Avalos, Nielson, and Chmielewski.**

This 42 U.S.C. §1983 case deals with the tragic and preventable death of Dwayne Greene. Dwayne suffered from alcoholism. His acute alcohol withdrawal and *delirium tremens* went untreated while he was detained at the Crawford County Jail from December 4, 2017 through December 8, 2017. Throughout the days of his deteriorating medical condition, nothing was done to provide Mr. Greene with any medical attention.

Plaintiff, the Personal Representative of the Estate of Dwayne Greene, filed suit against Crawford County; a number of Crawford County deputies and individuals with decision-making authority; Northern Lakes Community Mental Health Authority (NLCMHA); and Nanci Karczewski and Stacey Kaminski (NLCMHA employees).

After significant litigation and motions for summary judgment filed by all defendants, this Court issued an opinion and order granting summary judgment in part and denying it in part. (ECF No. 117). The Court granted summary judgment to:

- NLCMHA, Defendant Karczewski, and Defendant Kaminski;
- Crawford County Defendants Foster, Suiter, Steffes, Sbonek, Avalos,

1

Nielson, and Chmielewski.

The Court Denied summary judgment as to:

- Count I against Defendants Christman, Tessner, Baerlocher, Stephan, Johnson, Crawford County, and Sheriff Wakefield's estate in their individual capacities.

- Count III against Defendants Christman, Tessner, Baerlocher, Stephan, Johnson, Crawford County, and Sheriff Wakefield's estate in their individual capacities.

- Count IV against Crawford County

- Count V against Defendants Christman, Tessner, Baerlocher, Stephan, Johnson, Crawford County, and Sheriff Wakefield's estate in their individual capacities

On July 20, 2020, Defendants Christman, Tessner, Baerlocher, Stephan, Johnson, and Sheriff Wakefield's estate filed a Notice of Appeal as of right based on qualified immunity. (ECF No. 118) Based on Supreme Court precedent in *Mitchell v Forsyth,* 472 U.S. 511 (1985), these defendants are permitted to take an interlocutory appeal as of right.

As a result of this interlocutory appeal, further advancement towards the resolution of this case, either by settlement or trial on the merits, is stalled. Recognizing the inability to legitimately pursue the case to a final resolution without participation of the Defendants on appeal, Plaintiff has agreed to stipulate to staying further proceedings pending the appeal. (See ECF No. 122). A proposed Order Lifting Stay for Limited Purpose of Filing FRCP 54(b) Motion and Ruling By Court

2

has been submitted for the Court's Review.

Plaintiff now requests that this Court certify its June 25 order dismissing Defendants NLCMHA, Karczewski, and Kaminski, and Crawford County Defendants Foster, Suiter, Steffes, Sbonek, Avalos, Nielson, and Chmielewski, as final and appealable as of right so that, along with the appeals that have been taken by right, Plaintiff too can appeal the dismissal of these Defendants. Specifically, Plaintiff seeks to appeal the grant of summary judgment to:

- Defendant NLCMHA, Defendant Karczewski, and Defendant Kaminski;
- Crawford County Defendants Foster, Suiter, Steffes, Sbonek, Avalos, Nielson, and Chmielewski.

## Legal Arguments

Fed. R. Civ. P. 54(b) states in relevant part as follows:

> [w]hen an action presents more than one claim for relief….or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

*Id.* (citations omitted). Thus, by its terms, Rule 54(b) imparts this Court with discretionary authority to certify its orders granting summary judgment for interlocutory appeal prior to the ultimate disposition of the instant case. *See Lowery v. Fed. Express Corp.*, 426 F.3d 817, 820-21 (6th Cir. 2005); *Gregory v. City of*

3

*Louisville,* 444 F.3d 725, 733 (6th Cir. 2006); *Good v. Ohio Edison Co.,* 104 F.3d 93, 95 (6th Cir. 1997).

Rule 54(b) certification is appropriate where (1) there is a final judgment as to one or more, but fewer than all, claims and / or parties; and (2) there is no just reason to delay Circuit Court appealability. *See E.g. Curtiss-Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 7 (1980); *Gen. Acquisition, Inc. v. GenCorp, Inc.,* 23 F.3d 1022, 1027, 1030 (6th Cir. 1994). "[Rule 54(b)] is intended to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants." *Good, supra.*

If this Court enters Rule 54(b) certification, the Court should include and explain in its Order "the factors warranting certification." *Knafel v. Pepsi Cola Bottlers of Akron, Inc.,* 850 F.2d 1155, 1159 (6th Cir. 1988); *GenCorp, Inc.,* 23 F.3d at 1026.

Plaintiff intends to seek appeal of the Court's decisions on the following four issues:

- whether summary judgment of Plaintiff's claim against Defendant NLCMHA was appropriate;
- whether summary judgment of Plaintiff's individual deliberate indifference claims against Defendant Karczewski and Defendant Kaminski was appropriate; and
- whether summary judgment of Plaintiff's individual deliberate indifference

4

claims against Crawford County Defendants Foster, Suiter, Steffes, Sbonek, Avalos, Nielson, and Chmielewski was appropriate.

Due to the nature of the issues Plaintiff seeks to appeal, and, because this case is already stayed pending interlocutory appeal by right by some of the defendants, final order certification of this Court's June 25, 2020 Opinion and Order, granting in part and denying in part Defendants' Motion for Summary Judgment, is both lawful and proper.

I.   **ENTRY OF A FINAL JUDGMENT IS APPROPRIATE.**

This Court may enter as a "final judgment" its decisions that ultimately dispose of one or more, but fewer than all, of the claims or parties in a case. *Curtis-Wright Corp.,* 446 U.S. at 7 (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). When determining if multiple claims have been asserted by the parties, this Circuit has defined a single claim for purposes of Rule 54(b) certification as "the aggregate of operative facts which give rise to a right enforceable in the courts." *McIntyre v. First Nat'l Bank*, 585 F.2d 190, 192 (6th Cir.1978) (citing *Backus Plywood Corp. v. Commercial Decal, Inc.*, 317 F.2d 339, 341 (2d Cir.1963); *Gottesman v. GM Corp.*, 401 F.2d 510, 512 (2d Cir.1968) (applying "operative facts" test to determine whether multiple claims were present); *CMAX, Inc. v. Drewry Photocolor Corp.*, 295 F.2d 695, 697 (9th Cir.1961) (same).

5

But this Court need not determine if Plaintiff asserts multiple claims because Rule 54(b) permits entry of a final judgment as to decisions disposing of either *multiple parties* or multiple claims. Clearly, this case involves multiple parties. See *Marcilis v. Redford Twp.*, No. 09-11624, 2011 WL 284466, at *3 (E.D. Mich. Jan. 25, 2011) (district court opinion and order granting certification as final order in a 42 U.S.C. §1983 case where some, but not all, parties were dismissed and the remaining parties had filed a Notice of Appeal as of right).

The Court's June 25, 2020 Opinion and Order disposed of both multiple parties and multiple claims. The Opinion and Order ultimately disposed of, and dismissed from the case, Plaintiff's claims against Defendant NLCMHA, Defendant Karczewski, and Defendant Kaminski; and Crawford County Defendants Foster, Suiter, Steffes, Sbonek, Avalos, Nielson, and Chmielewski. As a result, it is appropriate for this Court to find that the June 25 Opinion and Order ultimately disposed of these claims and to enter final judgments as to the disposition against these defendants.

## II. THERE IS NO JUST REASON TO DELAY APPELLATE REVIEW.

In assessing whether there is no just reason to delay appeal, this Court should consider "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such

6

that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtis-Wright Corp.*, 446 U.S. at 7. Ample case law dictates that the following factors - though nonexhaustive - are relevant in the determination of whether no just reason exists to delay appellate review:

> "(1) the relationship between the adjudicated and unadjudicated claims;
>
> (2) the possibility that the need for review might or might not be mooted by future developments in district court;
>
> (3) the possibility that the reviewing court might be obliged to consider the same issue a second time;
>
> (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; and
>
> (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like."

*GenCorp, Inc.*, 23 F.3d at 1030 (quoting *Corrosioneering, Inc. v. Thyssen Envitl. Syst., Inc.*, 807 F.2d 1279, 1282 (6th Cir. 1986)). The Court should "weigh and examine the competing factors involved in the certification decision[,]" and "a proper exercise of discretion under [Rule 54(b)] requires the district court to do more than just recite the 54(b) formula of 'no just reason for delay'" *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 61-62 (6th Cir. 1986); *Daleure v. Commonwealth of Kentuckey*, 269 F.3d 540 (6th Cir. 2001). Returning to the instant case, there exists no justifiable reason to delay immediate review of the issues contained in the June

7

25, 2020 Opinion and Order that Plaintiff intends to appeal, and all parties are best served by appellate review of these issues at this time.

### A. The Relationship Between The Remaining Claims And The Dismissed Claims Weighs In Favor Of Rule 54(b) Certification.

As to the first factor, the relationship between the dismissed claims (which Plaintiff cannot appeal by right) and the claims that remain in the case (which are being appealed by right) militate towards granting certification. The circumstances in this case are analogous to those in *Marcilis v. Redford Twp.*, No. 09-11624, 2011 WL 284466, at *3 (E.D. Mich. Jan. 25, 2011) (Exhibit 1). Both cases involve claims pursuant to 42 U.S.C. §1983. In both cases, the district court granted summary judgment to some, but not all, the parties. In both cases, the parties who were not granted summary judgment have taken an appeal of right based on qualified immunity. The district court in *Marcilis* granted the plaintiff's motion to certify as final the dismissal of the other defendants and, in going through the above factors, reasoned:

> First, proceeding forward with a trial on Plaintiff's only remaining claim—failure to knock and announce—does not raise the possibility that appellate review of Plaintiffs' issues at this juncture will be mooted by future developments in this Court. Additionally, judicial economy is best served by immediate appeal, rather than going to trial on Plaintiffs' one remaining claim and then appealing the outcome of that trial and the issues presented in the instant motion to only have a second trial that involves the same parties, witnesses, and exhibits on the five claims that the Court granted summary judgment to in favor of Defendants. *Hunt v. Mobil Oil Corp.*, 550 F.2d 68, 69 (2nd Cir.1977) (noting that Rule 54(b) certification is appropriate when a duplicative

8

lengthy trial may be avoided) Second, this is not a case where there are any claims or counterclaims that could result in a set-off against a final judgment.

Furthermore, this case is exceptional with respect to the relationship between the adjudicated and unadjudicated claims. Although an interrelationship of the adjudicated and unadjudicated claims weighs against certification under Rule 54(b), see *Gen. Acquisition*, 23 F.3d at 1028, *Wood v. GCC Bend, LLC*, 422 F.3d 873, 880–82 (9th Cir.2005), here, the Court still finds that it should certify Plaintiffs' issues for appeal. In *Wood*, the Ninth Circuit reversed the district court's Rule 54(b) certification because the "practical effect of certifying the constructive discharge issues in [the case would] deconstruct [the plaintiff's] age discrimination action so as to allow piecemeal appeals with respect to the same set of facts." *Wood*, 422 F.3d at 880. Contrary to *Wood*, this case involves multiple parties, as opposed to a single claim and a single party, and it is exceptional because Defendants are already seeking appellate review on the denial of qualified immunity with respect to Plaintiffs' failure to knock and announce claim. Thus, since the Court of Appeals will be reviewing this case's set of facts during Defendants' appeal, judicially economy is only further served by certifying Plaintiffs' issues for appeal.

If, instead, the Court were to deny Plaintiffs' instant motion under Rule 54(b), the Court of Appeals may have to revisit the same set of facts after the end of a trial on Plaintiffs' failure to knock and announce claim. Permitting, Plaintiffs' appellate review now may eliminate this possibility if the Court of Appeals reviews the Court's November 18, 2010, opinion and order in its entirety, rather than just Defendants' issue with being denied qualified immunity as to Plaintiffs' failure to knock and announce claim. See *Lowery*, 426 F.3d at 823 (noting that "the greater the overlap in the factual basis between the adjudicated and unadjudicated claims, the greater the possibility that this court will have to revisit the same facts under a different theory in a second appeal," which weighs against Rule 54(b) certification).

Furthermore, none of the cases cited by the parties, nor any located by the Court through its review, indicate a similar set of facts, which further showcases the exceptional circumstances of this case and justifies why Rule 54(b) certification is proper despite the fact that the

9

adjudicated and unadjudicated claims are based upon the same set of facts. In sum, the Court finds, based upon the needs of the parties, that allowing the interlocutory appeal of Plaintiffs' issues outweighs the efficiency of an appeal at the conclusion of a trial on Plaintiffs' failure to knock and announce claim. See *GenCorp, Inc. v. Olin Corp.*, 390 F.3d 433, 442 (6th Cir.2004) (noting that the district court must "determine whether 'the needs of the parties' outweigh the efficiency of having one appeal at the conclusion of the case in its entirety") (citation omitted). [*Marcilis* at *4–5.]

*Marcilis* is squarely on-point here, and this Court should likewise certify its June 25 Order dismissing Plaintiff's claims against Defendant NLCMHA, Defendant Karczewski, and Defendant Kaminski; and Crawford County Defendants Foster, Suiter, Steffes, Sbonek, Avalos, Nielson, and Chmielewski as a final order appealable as of right. Plaintiff seeks certification as a final order dismissal of several parties so that an appeal can be taken concurrently with an appeal of right taken by individual defendants remaining in the case.

As discussed above, proceeding forward with a trial on Plaintiff's only remaining claim—the *Monell* claim against Crawford County—does not raise the possibility that appellate review of Plaintiffs' issues at this juncture will be mooted by future developments in this Court.

**B. Rule 54(b) Certification Serves To Advance Interests In Judicial Economy And Equity To The Parties.**

Turning now to the second and third factors, assessment of these factors as well as underlying interests in judicial economy and equity to **all** parties weigh heavily in favor of Rule 54(b) certification. If the Court is to deny the instant motion, interests in judicial economy are not advanced because there is no possibility that the issues on which Plaintiff presently intends to appeal will be somehow mooted. Even after an appeal by the remaining individual defendants, Plaintiff still intends to appeal the dismissal of the claims against Defendant NLCMHA, Defendant Karczewski, and Defendant Kaminski; and Crawford County Defendants Foster, Suiter, Steffes, Sbonek, Avalos, Nielson, and Chmielewski. Nor is there any possibility that the eventual trial, post-appela, will render moot Plaintiff's intended appeal against the now-dismissed parties.

Further, and most importantly, though denying Rule 54(b) certification provides no benefit in terms of judicial economy, should this Court certify interlocutory appeal, interests in judicial economy and equity to the parties will be advanced. Ample case law dictates that limiting the possibility of duplicitous trials, thereby advancing interest in judicial economy, should be sought when assessing whether a district court should certify under Rule 54(b). *See E.g. Gregory v. City of Louisville,* 444 F.3d 725, 737 (6th Cir. 2006); *Hunt v. Mobil Oil Corp.,* 550 F.2d 68, 69 (2nd Cir. 1977) (holding that where lengthy duplicitous trial may be avoided, 54(b) certification is appropriate). In fact, this very Court has recognized that Rule

54(b) certification is proper to avoid duplicitous trials. *Marcilis. v. Redford Township et al.*, unpublished opinion of the U.S. District Court, Eastern District of Michigan, Case No. 09-CV-11624, issued Jan. 25, 2011 (attached hereto as Exhibit 1).

Moreover, this is not a case where certification will lead to piecemeal appeals involving the same set of operative facts; in fact, the opposite is true, where granting certification will allow the Circuit Court to address the issues in one packet. Thus, there is no danger of piecemeal appeals by granting Rule 54(b) certification in this matter. Plaintiff will appeal this Court's granting of summary judgment on the dismissed claims and parties. The only distinction to be had by granting certification is the timing of Plaintiff's appeal and as explained above, judicial interest and equity to the parties heavily favor allowing Plaintiff's appeal at this time.

The fourth factor is not at issue in this case since there is no claim or counterclaim which could result in set-off against the judgment sought to be made final.

**C. This Is An Extraordinary Circumstance Where RULE 54(b) Certification Will Drastically Increase The Likelihood Of Resolution By Settlement.**

Most notably, this Court should recognize the true practical reality that this case presents an exceptional and unique circumstance because appellate review of the issues, against parties that have been dismissed, will very likely facilitate

12

settlement absent any trial. Plaintiff intends to appeal the grant of summary judgment to Defendant Karczewski, and Defendant Kaminski; and Crawford County Defendants Foster, Suiter, Steffes, Sbonek, Avalos, Nielson, and Chmielewski. Taking the appeal now, as opposed to years later, will assist *all* parties with resolution, including the likelihood of settlement. In *Lowery*, the Court held that "[t]he prospect that appellate resolution could facilitate settlement of the remaining claims is a relevant consideration that may be weighted against the possibility that the same issues might be presented in a subsequent appeal." *Lowery*, 446 U.S. at 8 n.2. Plaintiff has very recently sought settlement negotiations in this matter, but no resolution could be reached since there is no final disposition of the dismissed claims. Simply put, this case will not settle as it is presently postured. If this Court is to certify the Rule 54(b) appeal, the possibility of reaching a settlement in global resolution of this case will dramatically increase.

## Conclusion

Because the Court's dismissal of Plaintiff's claims against Defendants NLCMHA, Karczewski, and Kaminski; and Crawford County Defendants Foster, Suiter, Steffes, Sbonek, Avalos, Nielson, and Chmielewski was a "final judgment" and because there is "no just reason for delay" of Plaintiff's appeal, Plaintiff respectfully requests that this Court grant the instant motion.

WHEREFORE, Plaintiff Cheryl Greene, personal representative of the Estate of Dwayne Greene, respectfully requests that this Honorable Court GRANT this motion and certify as final and immediately appealable the Court's June 25, 2020 Opinion and Order Granting in Part and Denying in Part Defendants Crawford County's Motion for Summary Judgment, Granting Defendants NLCMHA's Motion for Summary Judgment. (ECF No. 117).

                                  Respectfully Submitted,

                                  FIEGER, FIEGER, KENNEY
                                  & HARRINGTON, P.C.

Date: July 31, 2020        /s/Kevin C. Riddle
                                  By: Geoffrey N. Fieger (P30441)
                                     Kevin C. Riddle (P57435)
                                     Fieger, Fieger Kenney & Harrington, P.C.
                                     19390 W. Ten Mile Road
                                     Southfield, MI 48075
                                     (248) 355-5555

**CERTIFICATE OF SERVICE**

The undersigned certifies that on July 31, 2020, a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause by electronic filing with the efiling System which will send notification of such filing to the foregoing attorney of record. I declare under the penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

                                     /s/ Denise R. Rieck
                                     Denise R. Rieck