UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHERYL GREENE, Personal
Representative of the Estate of Dwayne
Greene, deceased,

        Plaintiff,

v                                                Case No. 18-11008
                                                Honorable Thomas L. Ludington

CRAWFORD COUNTY, et al.,

        Defendants.
_____/

**ORDER GRANTING MOTION FOR FED. R. CIV. P. 54(b) CERTIFICATION**

On December 12, 2017, Dwayne Green died while he was detained at the Crawford County Jail in Grayling, Michigan. ECF No. 117 at PageID.6002. On August 28, 2019, Plaintiff, Dwayne's mother and the personal representative of his estate, filed her first amended complaint alleging her son's constitutional rights were violated and the violations resulted in his death. ECF No. 46. Defendants consisted of two groups, "Crawford County Defendants": Crawford County, Crawford County employees CO Foster, CO Suiter, CO Steffes, CO Sbonek, CO Avalos, Nielsen, Sgt. Chmielewski, Cpl. Christman, Cpl. Tessner, Capt. Baerlocher, CO Stephan, CO Johnson, and Sheriff Wakefield's estate; and the "CMH Defendants": Northern Lakes Community Mental Health Authority (NLCMHA) and NLCMHA employees Nanci Karczewski and Stacey Kaminski. *Id*.

On December 10, 2019, NLCMHA Defendants filed a motion for summary judgment. ECF No. 61. NLCMHA Defendants' motion for summary judgment was granted on the merits and all claims against them were dismissed. ECF No. 117. On December 10, 2019, Crawford County Defendants filed a motion for summary judgment. ECF No. 59. Crawford County Defendants

Foster, Suter, Steffes, Sbonek, Avalos, Nielsen, and Chmielewski were granted qualified immunity on Counts I, III, and V. ECF No. 117. Counts I, III, IV, and V remain against Crawford County. *Id*. Counts I, III, and V remain against Christman, Tessner, Baerlocher, Stephan, Johnson, and Sheriff Wakefield's estate. *Id*.

On July 20, 2020, Defendants Christman, Tessner, Baerlocher, Stephan, Johnson, and Sheriff Wakefield's estate filed a Notice of Appeal as of right based on the denial of qualified immunity. ECF No. 118. In addition, Plaintiff filed a notice of appeal on July 29, 2020. ECF No. 120. On July 30, 2020, a stipulated order was entered staying the case pending appeal. ECF No. 122.

On July 31, 2020, Plaintiff filed a Motion under Federal Rules of Civil Procedure Rule 54(b) seeking certification of this Court's opinion and order on the motions for summary judgment. ECF No. 123 at PageID.6091. "Plaintiff seeks to appeal the grant of summary judgment to: Defendants NLCMHA, Defendant Karczewski and Defendant Kaminski; [and] Crawford County Defendants Foster, Suter, Steffes, Sbonek, Avalos, Nielsen, and Chmielewski." *Id*. at PageID.6080. The motion is fully briefed. ECF No. 123, 125–26.

**I.**

District courts may certify an issue for interlocutory appeal prior to the ultimate decision in a case. *See Lowery v. Fed. Express Corp.*, 426 F.3d 817, 820–21 (6th Cir. 2005). Such certification is "designed to facilitate the entry of judgment on one or more claims, or as to one or more parties, in a multi-claim/multi-party action." *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 60 (6th Cir. 1986).

"[W]hen multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there

is no just reason for delay." Fed. R. Civ. P. 54(b). Therefore, to decide whether to grant a Rule 54(b) certification, the Court must determine (1) that it may enter final judgment as to one or more, but fewer than all, claims or parties and (2) that there is no just reason to delay appellate review. Fed. R. Civ. P. 54(b); *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1027–30 (6th Cir. 1994). If granted, the Court should explain "the factors warranting certification." *Knafel v. Pepsi Cola Bottlers of Akron, Inc.*, 850 F.2d 1155,1159 (6th Cir. 1988); *GenCorp, Inc.*, 23 F.3d at 1026.

## II.

Plaintiff requests an interlocutory appeal of the Court's (1) grant of summary judgment to Defendant NLCMHA; (2) grant of summary judgment to Defendants Karczewski and Kaminski on Plaintiff's individual deliberate indifference claims; and (3) grant of summary judgment to Defendants Foster, Suiter, Steffes, Sbonek, Avalos, Nielsen, and Chmielewski on Plaintiff's individual deliberate indifference claims. ECF No. 123 at PageID.6080–82. Plaintiff argues that the nature of the issues Plaintiff seeks to appeal and the case's stay pending interlocutory appeal warrant certification. *Id.* at PageID.6082.

Defendants NLCMHA, Karczewski, and Kaminski oppose the motion. ECF No. 125 at PageID.6108. Crawford County Defendants did not respond to the motion. For reasons set forth below, the Court finds that Rule 54(b) certification should be granted because entry of a final judgment is appropriate and there is no just reason to delay appellate review.

### A.

District courts may enter a "final judgment" as to one of its decisions to act as the "ultimate disposition" of one or more, but not all, of the claims or parties in a case. *Lowery v. Fed. Express Corp.*, 426 F.3d 817, 821 (6th Cir. 2005). When courts must determine if multiple claims have been asserted by the parties for purposes of 54(b) certification, the 6th Circuit has defined a single

claim as "the aggregate of operative facts which give rise to a right enforceable in the courts." *McIntyre v. First Nat'l Bank of Cincinnati*, 585 F.2d 190, 192 (6th Cir. 1978) (citing *Backus Plywood Corp. v. Commercial Decal, Inc.*, 317 F.2d 339, 341 (2d Cir. 1963)).

Plaintiff argues that this Court does not need to determine if she has asserted a single claim or multiple claims. ECF No. 123 at PageID.6083. Rather, she explains that decisions disposing of multiple parties are sufficient. *Id*. Plaintiff supports her explanation with a comparison to *Marcilis v. Redford Twp.*, 2011 WL 284466, at *3 (E.D. Mich. Jan 25, 2011). In *Marcilis*, the plaintiff filed a 42 U.S.C. § 1983 claim against ten defendants: Redford Township and nine officers in their individual capacity. *Id*. at *1. The court disposed of three defendant officers, dismissing some counts against them based on the merits and other counts based on qualified immunity. *Id*. at *3; *Marcilis v. Redford Twp.*, 757 F. Supp. 2d 663, 673–81 (E.D. Mich. 2010). For six officers, the court dismissed all but one count. *Id*. Four officers filed a notice of appeal to review the surviving count against them based on denial of qualified immunity. *Marcilis*, 2011 WL 284466, at *2, 4. The *Marcilis* court found final judgment to be appropriate when there are "decisions disposing of either multiple parties or multiple claims . . . [and] this case involves multiple parties." *Id*. at *3. Because the case involved multiple parties, the *Marcilis* court found that analysis of whether the plaintiff asserted multiple claims was unnecessary. *Id*. Here, Plaintiff argues *Marcilis* is applicable because this Court's June 25, 2020 Opinion and Order similarly disposed of some, but not all, of the parties. ECF No. 117 at PageID.6060; ECF No. 123 at PageID.6083. Specifically, the Order disposed of Defendants NLCMHA, Karczewski, and Kaminski. *Id*. Plaintiff contends that the disjunctive test for final judgment has been met because the Order disposed of NLCMHA Defendants but kept claims against Crawford County Defendants. ECF No. 123 at PageID.6083.

Defendants NLCMHA, Karczewski, and Kaminski argue that *Marcilis* is inapplicable. ECF No. 125 at PageID.6111. Defendants assert that the *Marcilis* court determined that final judgment was appropriate because there was a set of defendants who had both a pending qualified immunity appeal and a separate summary judgment decision which remained in the district court. *Id*. Defendants distinguish the case at bar from *Marcilis* in that NLCMHA, Karczewski, and Kaminski have no pending qualified immunity appeal; these Defendants are involved only in an already granted summary judgment decision which Plaintiff may later appeal. *Id*.

Plaintiff's interpretation of *Marcilis* is convincing. The District Court in *Marcilis* stated that final judgment was appropriate because its previous order "ultimately disposed of the claims against three of the original ten defendants." *Marcilis*, 2011 WL 284466, at *3. Therefore, the *Marcilis* court found that if there are multiple parties and an order disposes of some, but not all, of those parties, then final judgment is appropriate. *Id*. The distinction Defendants raise regarding a decision on the merits rather than based on qualified immunity was not recognized by the *Marcilis* court's final judgment analysis. Certification of the decision is appropriate here because there are multiple parties, and this Court disposed of some, but not all, of the parties in its June 25, 2020 Opinion and Order. ECF No. 117 at PageID.6060.

**B.**

After determining if final judgment is appropriate, the Court must also determine if there is no just reason to delay appellate review by "weigh[ing] and examin[ing] the competing factors involved in the certification decision." *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 61–62 (6th Cir. 1986). These factors include (1) the adjudicated and unadjudicated claims' relationship; (2) the likelihood that subsequent district court decisions may moot the appellate review; (3) the likelihood of the appellate court needing to review the same issue again; (4) claims or

counterclaims which could undercut the finality of a judgment; and (5) judicial efficiency, "economic and solvency considerations," and other "miscellaneous considerations." *Corrosioneering, Inc. v. Thyssen Environmental. Sys., Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986).

Plaintiff argues that all the relevant factors show that there is no reason to delay appellate review. ECF No. 123 at PageID.6085. To the first factor, Plaintiff argues that the adjudicated and unadjudicated claims are "inextricably intertwined" and involve the same parties, witnesses, and exhibits. ECF No. 126 at PageID.6117–18. Plaintiff explains that since the Crawford County Defendants rely upon NLCMHA in their defense, the appellate court should review the conduct of both Crawford County Defendants and NLCMHA Defendants simultaneously. *Id*. To the second factor, Plaintiff argues that since this Court has already disposed of NLCMHA Defendants, "there is no possibility that appellate review of [NLCMHA Defendants] will be mooted by future developments of this Court." ECF No. 126 at PageID.6118. Plaintiff does not provide support for the third factor. To the fourth factor, Plaintiff states that there is no claim or counterclaim which could undercut the finality of a judgment. ECF No. 123 at PageID.6069. To the miscellaneous considerations, Plaintiff advances that judicial economy is best served by limiting duplicitous trials through Rule 54(b) certification. Plaintiff states that certification will inspire settlement, and quotes the 6th Circuit that "[t]he prospect that appellate resolution could facilitate settlement of the remaining claims is a relevant consideration that may be weighed against the possibility that the same issues might be presented in a subsequent appeal." ECF No. 123 at PageID.6090; *Lowery*, 426 F.3d 817, 823 (6th Cir. 2005).

Defendants NLCMHA, Karczewski, and Kaminski argue that these factors do not point towards certification. ECF No. 125 at PageID.6111. Defendants argue that judicial efficiency is not served because NLCMHA, Karczewski, and Kaminski are unrelated to the pending qualified

immunity appeal. *Id*. at PageID.6112. Additionally, Defendants assert that Plaintiff's claim that certification will inspire settlement is "entirely speculative." *Id*.

While NLCMHA, Karczewski, and Kaminski are not included in the pending qualified immunity appeal, Plaintiff's action against NLCMHA, Karczewski, and Kaminski remains stayed until there is resolution to the qualified immunity appeal. As the *Marcilis* court discussed, claims that may seem unrelated for terms of Rule 54(b) certification can be procedurally related when multiple defendants are involved. *Marcilis*, 2011 WL 284466, at *4. Therefore, even though the Crawford County Defendants are appealing on separate grounds, Plaintiff's pursuit against NLCMHA Defendants is stayed until appellate review is complete, and by extension, such pursuit is procedurally related to that review. Further, this Court's subsequent decisions do not risk mooting appellate review because the case is already stayed pending review of this Court's denial of qualified immunity. There is no claim or counterclaim which may undercut finality of judgment. Regarding judicial efficiency, there is overlap of claims and Defendants regarding parties and likely witnesses and exhibits. Therefore, if the Sixth Circuit resolves the questions of NLCMHA Defendants liability and qualified immunity for all Crawford County Defendants, only one trial would be necessary after appellate review. Further, Plaintiff has sought settlement, even after the opinion and order on the motions for summary judgment, to no avail, and this Circuit has postured that 54(b) certification may inspire settlement. ECF No. 123 at PageID.6090; *Lowery*, 426 F.3d at 823. Therefore, since the subsequent decisions in this Court do not risk mooting appellate review, certification may serve judicial efficiency, and certification may inspire settlement, this Court finds that there is no need to delay appellate review.

- 8 -

## III.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Certificate of Appealability, ECF No. 123, is **GRANTED**.

It is further **ORDERED** that this Court certifies its decision in ECF No. 117 on the following: 1) the grant of NLCMHA Defendants' (NLCHMA, Karczewski and Kaminski) Motion for Summary Judgment on the merits, 2) the grant of qualified immunity to Crawford County Defendants Foster, Suiter, Steffes, Sbonek, Avalos, Nielson, and Chmielewski on Count I of the Amended Complaint.

It is further **ORDERED** that the proceedings are **STAYED** pending appeal.

Dated: August 17, 2020                           s/Thomas L. Ludington
                                                 THOMAS L. LUDINGTON
                                                 United States District Judge